UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LOTTIE ELLENORA GENDRON, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant ) | No. 2:13-cv-191-JAW |

REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the bases that the administrative law judge's determination of her physical residual functional capacity ("RFC") is unsupported by medical opinion and that he erred in ignoring the opinion of a treating nurse practitioner, Karen Ludwig, N.P., that she was limited to 20 hours of work per week. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 10) at 2-3. I find no reversible error and, accordingly, recommend that the court affirm the decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 14, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, Finding 1, Record at 22; that she had severe impairments of paraspinal spasms, borderline intellectual functioning, and personality disorder, Finding 3, *id.* at 23; that she retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except for work that required the ability to sit, stand, or walk for more than six hours in an eight-hour workday, climb ladders, ropes, or scaffolds, climb stairs or ramps, balance, stoop, crouch, or crawl more than occasionally, kneel more than frequently, carry out detailed or complex tasks, or interact with the general public more than briefly, Finding 5, *id.* at 26; that, considering her age (36 years old, defined as a younger individual, on her alleged disability onset date, June 1, 2008), education (marginal), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 35; and that she, therefore, had not been under a disability from June 1, 2008, her alleged onset date of disability, through the date of the decision, December 5, 2011, Finding 11, *id.* at 36. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the claimant's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Asserted Lack of Medical Opinion Support for RFC

In determining the plaintiff's physical RFC, the administrative law judge expressly considered three medical opinions, a report dated April 22, 2009, by examining consultant Ian F. M. Buchan, PA-C, an RFC assessment dated February 25, 2010, by nonexamining consultant Donald Trumbull, M.D., and an RFC assessment dated September 10, 2010, by nonexamining consultant J.H. Hall, M.D. *See* Record at 30, 32-33, 411-15, 456-63, 561-68.[2] With respect to Mr. Buchan's report, the administrative law judge noted:

> The examiner found no objective signs corroborating the [plaintiff's] many physical complaints. In fact, he found the examination was so inconsistent with [her] allegations that he recommended a psychological evaluation, apparently unaware that [she] had already undergone a psychological evaluation . . . . The evaluation weighs heavily against the [plaintiff] because it reveals that no objective signs of physical impairment were found and that the evaluator believed that there was no physical cause for her complaints that she reported had been

---

[2] The administrative law judge also stated that he gave little weight to the assessment of Victoria S. Thieme, D.O., based on examinations on October 31, 2010, and November 18, 2010, that the plaintiff had myofascial pain syndrome, somatic dysfunction, low back pain, and migraines. *See* Record at 32. However, Dr. Thieme did not render an RFC opinion, and the plaintiff's counsel clarified at oral argument that, despite mention of Dr. Thieme in the Statement of Errors, his client does not challenge the administrative law judge's handling of the Thieme assessment. The administrative law judge did not discuss one medical opinion of record, that of Ms. Ludwig. *See* Record at 27-35, 682-83. That omission, which is the subject of the plaintiff's second point of error, is addressed below.

present for years prior to the alleged onset date. It indicates symptom
magnification and leaves open the possibility of motivation for secondary gain.

*Id*. at 30. Turning to the RFC assessments of Drs. Trumbull and Hall, the administrative law judge stated:

> [Dr. Trumbull] found on February 25, 2010 that the [plaintiff] had no severe physical impairment. However, [Dr. Hall] found on September 10, 2010 that she had axial spine degenerative disc disease and obesity and was limited . . . to less than the full range of light work. New medical reports not available to the State experts are cumulative and reflect the presence of essentially the same facts as were documented in reports available to them. Although [Dr. Hall] indicated that the [plaintiff's] back complaints were related to degenerative disc disease, the record as a whole does not support his findings. Treating practitioners did not attribute the pain complaints to degenerative disc disease. The assessments of record generally state that the [plaintiff] had low back pain. Films revealed the spinal abnormalities to be only mild.
>
> Although Dr. Thieme noted multiple trigger points and Dr. Glazier [James Glazier, M.D.] noted muscle spasms, no other practitioner of record has noted such findings and they are, thus, inconsistent with the record as a whole and not weight worthy. However, to give the [plaintiff] the benefit of any doubt, the undersigned will find that [she] has severe paraspinal spasms that cause significant functional limitations.
>
> The undersigned notes that, whether the cause(s) of the [plaintiff's] complaints was degenerative disc disease or spasms, myofascial syndrome, or other disorders, the record as a whole does not support [her] allegations regarding the severity of her symptoms and functional limitations. As described above, the many inconsistencies in her statements, the activities she performs, the absence of any objective findings on a consistent basis, and the findings of the State medical experts all indicate a far greater work capacity than alleged by the [plaintiff]. Thus, the mere labeling of the cause is not material to this decision. To give her the benefit of the doubt again, the undersigned finds that [she] has the physical limitations delineated above.

*Id*. at 32-33 (citations omitted).

The physical RFC found by the administrative law judge is similar to, and if anything more restrictive than, that of Dr. Hall. *Compare* Finding 5, *id*. at 26 *with id*. at 562-67. Nonetheless, the plaintiff contends that the administrative law judge's RFC finding is unsupported by any medical opinion of record, and was based instead on impermissible lay

4

interpretation of the raw medical evidence, because he found a different severe impairment than Dr. Hall and, in fact, discredited the Hall opinion. *See* Statement of Errors at 2. At oral argument, the plaintiff's counsel contended that there is caselaw standing for the proposition that an administrative law judge cannot rely on an expert RFC opinion based on severe impairments other than those ultimately determined to exist, although he was unable to cite any particular case.

Even assuming that, in certain circumstances, that proposition is correct, the administrative law judge did not err in relying on the Hall RFC opinion in this case. The administrative law judge explained that, while he disagreed with Dr. Hall's assessment of the etiology of the plaintiff's back pain, the cause was immaterial. *See* Record at 33. Dr. Hall assessed restrictions related to the plaintiff's back pain, and the administrative law judge implicitly adopted them. His physical RFC determination, hence, was supported by a medical opinion: that of Dr. Hall.

In any event, even if the administrative law judge had construed raw medical evidence to arrive at his physical RFC determination, the error would have been harmless. As the commissioner notes, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 13) at 7-9, the administrative law judge made clear that, in his view, the evidence reasonably justified a finding that the plaintiff had no medically determinable physical impairment, and he assessed such an impairment only because he gave her the benefit of the doubt.

In support of that view, he recited numerous inconsistencies between the plaintiff's allegations of disabling back pain and the medical and other evidence of record, including (i) her activities, such as dancing and looking for work, *see id*. at 29, (ii) treating practitioners' notes,

including those of Daniel Friedland, M.D., spanning the period from prior to February 2008 to February 2010, which indicated "only relatively mild lower back pain and no other significant symptoms" and would have reasonably justified a finding of no medically determinable musculoskeletal impairment, and those of Ms. Ludwig for the period beginning February 25, 2010, which revealed no objective signs of a back impairment, offered no diagnosis, and would have reasonably justified a finding of no medically determinable impairment, *id.* at 31-32, (iii) the report of Mr. Buchan, *see id.* at 30, and (iv) the opinion of Dr. Trumbull, *see id.* at 32-33. This constitutes substantial evidence in support of a finding that the plaintiff had no medically determinable physical impairment or, alternatively, no severe physical impairment.

Nonetheless, the administrative law judge explained that he would give the plaintiff "the benefit of any doubt" in finding both that she had a medically determinable impairment and that it caused the restrictions he delineated at Step 4. *See id*. at 33. In essence, he adopted a more plaintiff-friendly RFC than he reasonably felt the evidence supported – a circumstance in which any error could only have been harmless. *See, e.g., Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *7 (D. Me. July 7, 2011) (rec. dec., *aff'd* July 29, 2011) (error in crafting a functional restriction from raw medical evidence was harmless when administrative law judge "gave [the claimant] the benefit of the doubt, despite supportably determining that he had failed to establish the existence of severe musculoskeletal impairments prior to his date last insured").

Reversal and remand, hence, are not warranted on the basis of this point of error.

### B. Treatment of Treating Source

The plaintiff next complains that, in violation of 20 C.F.R. §§ 404.1513(d) and 416.913(d) and Social Security Ruling 06-03p ("SSR 06-03p"), the administrative law judge failed to consider the opinion of Ms. Ludwig that the plaintiff was limited to 20 hours of work

6

per week, which supported a finding of disability. *See* Statement of Errors at 3. Ms. Ludwig expressed that opinion on a form completed on November 11, 2010, for the Maine Department of Health & Human Services for the purpose of assessing the plaintiff's readiness for employment or training as part of Maine's ASPIRE program. *See* Record at 682. She described the 20-hour-a-week limitation as stemming from back pain, noted that the limitation was expected to last one year, described the treatment plan for recovery as physical therapy and osteopathic treatment, and stated that the plaintiff was not doing exercises as far as she knew, was very inactive, and had been advised that walking daily would help her condition. *See id*. at 682-83.

Ms. Ludwig, a nurse practitioner, is not an "acceptable medical source" for purposes of establishing the existence of a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). However, "[i]n addition to evidence from the acceptable medical sources listed in paragraph (a) . . ., [the commissioner] may also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." *Id*. §§ 404.1513(d), 416.913(d). SSR 06-03p provides, in relevant part:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp. 2013), at 333. The commissioner contends that the word "should" in the first sentence is

permissive and, in any event, pursuant to the second sentence, the administrative law judge need only have ensured that his discussion enabled a subsequent reviewer to follow his reasoning. *See* Opposition at 11-14. She argues that he did so, as a result of which the omission is at most harmless error. *See id*. at 14. At oral argument, the plaintiff's counsel disagreed that the word "should" in SSR 06-03p reasonably can be construed as permissive.

Even assuming that an administrative law judge is obliged to consider all opinions of "other sources" such as Ms. Ludwig, the commissioner correctly observes that he or she need not necessarily explain the weight given to such opinions; it suffices to "ensure that the discussion of the evidence . . . allows a . . . subsequent reviewer to follow the adjudicator's reasoning[.]" SSR 06-03p at 333. The administrative law judge's discussion complies with that dictate. It is clear that, had he expressly discussed the Ludwig opinion, he would have rejected it. He detailed why the record as a whole, including Ms. Ludwig's progress notes, pointed to the conclusion that the plaintiff (i) failed to establish a medically determinable back impairment and, even giving her the benefit of the doubt that she met that burden, (ii) made "implausible" allegations of disabling pain and restrictions. *Id*. at 29-33. With respect to the Ludwig notes, he specifically stated:

> No objective signs of impairment were observed at any time. The [plaintiff] generally appeared in no apparent distress. Ms. Ludwig did not offer a diagnosis of the [plaintiff's] musculoskeletal complaints. The tone and tenor as well as the substance of Ms. Ludwig's treatment notes is entirely inconsistent with the [plaintiff's] allegations to the Social Security Administration. A finding that the [plaintiff] had no medically determinable impairment could be reasonably justified based on Ms. Ludwig's treatment notes.

*Id*. at 32.

In these circumstances, the omission of discussion of the Ludwig opinion does not violate 20 C.F.R. §§ 404.1513(d) and 416.913(d) or SSR 06-03p. Even if it did, the error plainly would not have been outcome-determinative and, hence, is harmless.

8

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2014.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
